UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JAMES WALSH,

    Plaintiff,

v.

                                                                                          Case No. 12-cv-15128

COMMISSIONER OF SOCIAL            Honorable Patrick J. Duggan
SECURITY,

    Defendant.

                                          /

## OPINION AND ORDER

Plaintiff applied for Social Security benefits on September 1, 2009, alleging that he became disabled on March 28, 2009. The Social Security Administration denied Plaintiff's application for benefits initially. Upon Plaintiff's request, Administrative Law Judge Paul R. Armstrong ("ALJ") conducted a *de novo* hearing on September 1, 2010. The ALJ issued a decision on October 28, 2010, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") when the Social Security Appeals Council denied review. Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which this Court referred to Magistrate Judge Charles E. Binder. On October 17, 2013, Magistrate

Judge Binder filed his Report and Recommendation (R&R) recommending that this Court deny Plaintiff's motion for summary judgment and grant Defendant's motion. At the conclusion of the R&R, Magistrate Judge Binder advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections to the R&R on October 31, 2013.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g)(emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d

535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id*.

## ANALYSIS

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id*. However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id*.

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R. §

---

[1]The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 28, 2009. (A.R. at 71.)

[2]The ALJ concluded that Plaintiff has the following severe impairments: left arm crush injury with multiple surgical corrections. (A.R. at 71.) While finding that Plaintiff has some mental impairments, the ALJ concluded that these impairments were mild and therefore should be considered only in determining his residual functional capacity. (*Id.* at 71-73.)

[3]The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. (A.R. at 73.)

[4]When assessing Plaintiff's residual functional capacity ("RFC"), ALJ Armstrong noted that Plaintiff previously filed a claim for benefits that was denied in an unfavorable decision by an ALJ on April 1, 2009. (A.R. at 74.) ALJ

      404.1520(a)(4)(iv).

5.     At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id*.

Plaintiff raises a number of objections to the R&R. First, Plaintiff claims that the ALJ erred in failing to consider his mental impairments in connection with his physical/medical impairments in assessing his RFC. Second, Plaintiff argues

---

Armstrong explained that he is bound by the previous ALJ's decision unless there is new and material evidence relating to such a finding or a change in the law. (*Id*.) Finding no such evidence or change in the law, ALJ Armstrong adopted the prior RFC, which was as follows:

> [T]o perform light work as defined in 20 CFR 404.1456(b) and 416.967(b) with the following restrictions: i) lifting and carrying limited to ten pounds with the right arm and two pounds with the left, non-dominant arm; ii) no repetitive manipulative work with the left hand (frequent manipulative work is permissible); iii) only occasional stooping, crouching, kneeling and crawling; and iv) no climbing of ropes, ladders, or scaffolds.

(*Id*. at 73.) ALJ Armstrong concluded that Plaintiff could not perform his past work with these limitations. (*Id*. at 78.)

[5]The ALJ determined that considering Plaintiff's age, educational background, work experience, and residual functional capacity, there are a significant number of jobs in the national economy that Plaintiff can perform based on his exertional and non-exertional limitations. (A.R. at 78-79.) The ALJ therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. (*Id*.) Magistrate Judge Binder found substantial evidence in the record to support this finding. (*See* ECF No. 17.)

that Magistrate Judge Binder erred in finding that the ALJ was bound by the prior ALJ's RFC assessment, in light of "extensive evidence of a progression of [P]laintiff's condition since the prior decision." (ECF No. 18 at 5.) Lastly, Plaintiff contends that Magistrate Judge Binder erred in excusing the ALJ's error in finding that Plaintiff could perform light work despite stating inconsistent limitations.

Objection #1:

Plaintiff contends that the ALJ failed to apply the appropriate analysis when assessing whether he has a mental impairment. While doctors did conclude that Plaintiff suffers from mental impairments, the ALJ sufficiently explained why he was not relying on those findings and concluded instead that Plaintiff suffers from mild mental impairments only. There was substantial evidence in the record to support the ALJ's conclusions.

The ALJ did not expressly include Plaintiff's mild mental impairments in his RFC assessment. As argued by the Commissioner, however, this error was harmless. The vocational expert testified that the jobs she identified that Plaintiff could perform with his physical impairments (such as machine tender, usher, and sorter/inspector) were in the "light range *of unskilled work*[.]" (ECF No. 8-2 at Pg ID 66-67, emphasis added.) Jobs that constitute "unskilled work" accommodate a

limitation to "simple work" because "[u]nskilled work, by definition, is limited to understanding, remembering and carrying out only simple instructions and requiring little, if any, judgment." *Latare v. Comm'r of Soc. Sec.*, No. 08-13022, 2009 WL 1044836, at *3 (E.D. Mich. April 20, 2009) (citing 20 C.F.R. § 404.1568(a) (2008)).

The Court therefore finds no merit to Plaintiff's first objection.

Objection #2:

Plaintiff next argues that the ALJ overlooked extensive evidence of a progression of his condition since April 2009, and therefore the ALJ erred in concluding that he was bound by a prior determination that he was not disabled. Specifically, Plaintiff points to evaluations by two physicians: one who concluded that Plaintiff "has essentially no use of the left hand and fingers as they are now found in a fixed position" (ECF No. 12 at 10, quoting A.R. 349); and a second who found that Plaintiff's "activity is none due to inability to use his left arm and left hand at all and also due to the other joint pain." (*Id.* A.R. 355-56.) The ALJ expressly considered these findings, however. He also explained why he did not fully accept the opinions of these physicians. As Magistrate Judge Binder found, there was substantial evidence in the record to support the ALJ's conclusions.

Thus this objection also does not warrant an outcome different than that

recommended by Magistrate Judge Binder.

Objection #3:

Lastly, Plaintiff argues that the physical limitations found by the ALJ are inconsistent with the ALJ's conclusion that Plaintiff could perform "light work." According to Plaintiff, under the Medical-Vocational Rules (known as the "grids"), the limitations would have restricted him to "sedentary work" and once he attained age fifty (i.e. two months before his date last insured), this would result in a finding that he was disabled. (ECF No. 18 at Pg ID 481-82, citing 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.10.) Plaintiff maintains that Magistrate Judge Binder failed to appreciate the impact of the ALJ's error.

This Court agrees that the ALJ's conclusion that Plaintiff could perform light work was inconsistent with his lifting restrictions. According to the regulations, "light work" requires in part "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . ." 20 C.F.R. § 416.967(b). "Sedentary work" in comparison requires lifting no more than 10 pounds at a time. *Id*. § 416.967(a). ALJ Armstrong concluded as part of Plaintiff's RFC, however, that he was limited to lifting ten pounds with the right arm and two pounds with the left arm. (A.R. at 73.) Magistrate Judge Binder concluded that this error was harmless because the vocational expert testified that

if Plaintiff was limited to sedentary work, there were a significant number of jobs in the national economy that he could perform. (ECF No. 17 at 14-15.) Yet this overlooks the grids' impact.

For this reason, the Court believes the matter should be remanded to the Commissioner to correct this inconsistency and determine the impact of a finding that Plaintiff is limited to sedentary work.

### **Summary**

For the reasons stated, the Court finds that the ALJ erred in his analysis. The Court therefore is rejecting Magistrate Judge Binder's R&R, vacating the Commissioner's decision, and remanding the matter to the Social Security Agency pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that the decision of the Commissioner is reversed and this matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: December 19, 2013          s/PATRICK J. DUGGAN
                                                           UNITED STATES DISTRICT JUDGE

Copies to:
Diane M. Kwitoski, Esq.
AUSA Andrew Lievense
Allen Duarte, Esq.
Magistrate Judge Charles E. Binder